IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            Criminal No. 03-568 WJ

ARTURO AYALA, a/k/a "Tony"
a/k/a "Cockroach", KELLY FERNANDEZ,
GABRIEL DAVID GOMEZ, THOMAS
KELLY, CHARLES ANTHONY ROYBAL,
a/k/a Anthony C. Roybal, a/k/a Anthony Carlos
Roybal, a/k/a Carlo Roybal, a/k/a Carlos Roybal,
and a/k/a Carlo A. Roybal, ENRICO ADRIAN
ROYBAL,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT ROYBAL'S MOTION TO DISMISS GRAND JURY INDICTMENT

THIS MATTER comes before the Court pursuant to Defendant Roybal's Motion to Dismiss Grand Jury Indictment [Docket No. 244]. A hearing was held on other matter in this case on December 17, 2003. At that hearing, parties waived oral argument with regard to this motion. Having reviewed the submissions of the parties and the applicable law, I find the motion is not well taken and will be denied.

Defendant Roybal argues in his motion that the grand jury indictment against him should be dismissed on the basis of prosecutorial misconduct. Roybal argues that prosecutor Tera Neta engaged in misconduct sufficient to substantially influence the grand jury's decision to indict Defendant Roybal. Roybal alleges first that the prosecutor's questioning amounted to testimony and was argumentative such that it improperly influenced the jury. Secondly, Roybal urges that

the prosecutor repeatedly asserted her own opinions and commentary regarding the strength and weight of the evidence. Third, Roybal states that the prosecutor's statements in explaining principles of law were inflammatory, contained testimony and influenced jurors by indicating that an indictment was warranted. Finally, Roybal argues that the cumulative effect of the prosecutor's misconduct operated to prejudice Defendant Roybal.

A district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988). Dismissal of an indictment based on prosecutorial misconduct is an extraordinary remedy. United States v. Pino, 708 F.2d 523, 530 (10th Cir. 1983). Harmless error inquiry applies when a court is asked to dismiss an indictment prior to trial. Bank of Nova Scotia, 487 U.S. at 256 (citing Fed. R. Crim. P. 52(a)). Thus, "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed. R. Crim. P. 52(a). Under this standard, dismissal of an indictment is only appropriate if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations. Bank of Nova Scotia, 487 U.S. at 256.

It should be noted that the alleged misconduct complained of by Defendant Roybal occurred during the grand jury proceedings that led to the initial indictment in this case. In reviewing the transcripts of the grand jury proceedings that led to the initial indictment, I find that there is nothing in the prosecutor's conduct that appears to have had the capability of improperly influencing or inflaming the grand jury. The circumstances as a whole do not show such "flagrant misconduct that the grand jury was overreached or deceived in some significant way, or that the prosecutor's conduct significantly infringed on the ability of the grand jury to exercise its

independent judgment." Pino, 708 F.2d at 531.

IT IS THEREFORE ORDERED that Defendant Roybal's Motion to Dismiss Grand Jury Indictment [Docket No. 244] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE